UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                  **MEMORANDUM**
          v.                                                **AND ORDER**
                                                                  25-CR-0210-SJB

BRANDON DEONARAIN,

                Defendant.
------------------------------------------------------------------X

**BULSARA, United States District Judge:**

       Defendant Brandon Deonarain is seeking to plead guilty to a single count of a Superseding Information, charging him with a violation of 18 U.S.C. § 113(a)(4): assault within the special maritime and territorial jurisdiction of the United States. (Def.'s Letter Requesting to Accept Guilty Plea dated Dec. 8, 2025 ("Def.'s Letter"), Dkt. No. 33 at 1). The Court issues this order regarding jurisdiction to clarify that Deonarain may do so, while also stipulating to the "jurisdictional" element of the offense.

       Though this crime is defined as an offense occurring "within the special maritime and territorial jurisdiction" of the United States, 18 U.S.C. § 113(a), and the Government must prove that the alleged offense took place there, the requirement is not one relating to jurisdiction, belying both its name and the common legal understanding of the term "jurisdiction."

       To prove a defendant's guilt under this provision, the Government must establish two elements beyond a reasonable doubt: (1) that the defendant assaulted another person by striking, beating or wounding him, and (2) that the assault took place within the special maritime and territorial jurisdiction of the United States. *See United*

*States v. Davis*, 726 F.3d 357, 360 (2d Cir. 2013) (noting same elements for 18 U.S.C. § 113(a)(6), plus additional element of resulting "serious bodily injury").

This second element is at issue here. If the Government went to trial, it appears—at least as the record stands today—it may not be able to prove that element. Why not? The alleged offense took place on the steps of the Central Islip Federal Courthouse. (Def.'s Letter at 1). But an offense that occurs at a federal building is not automatically within the special maritime and territorial jurisdiction. *See Davis*, 726 F.3d at 363–64. For there to be such jurisdiction, the State of New York must have transferred jurisdiction to the federal government, and the federal government must have accepted such jurisdiction. *See id.* Otherwise, the Courthouse is just another federal building on land over which New York still retains jurisdiction; though surprising, not actually that uncommon. The federal government has not accepted such jurisdiction over the lands upon which there are "federal military installations, post offices, and hospitals," even when it owned that land.[1] *Id.* at 364. It holds title over the land as a simple "ordinary proprietor." *Id.* (quotations omitted).

And that appears to be true over the land on which this Courthouse sits. At least, as far as the Government can tell now. In a letter filed on November 7, 2025, the Government could not locate any evidence that the federal government accepted jurisdiction over the land purchased from Suffolk County, and the deed evidencing the sale bears no indication of such transfer and acceptance of jurisdiction. (Gov't's Letter

---

[1] And the federal government owns and manages "roughly 28% of the 2.27 billion total land acres" in the United States. Carol Hardy Vincent et al., Cong. Rsch. Serv., R42346, *Federal Land Ownership: Overview and Data* 1 (2020).

dated Nov. 7, 2025 ("Gov't's Letter"), Dkt. No. 29 at 1; Deed, attached to Gov't's Letter as Ex. 1, Dkt. No. 29-1).  The Government noted that it conferred with officers of the General Services Administration ("GSA"), and "learned that there is no record of a notice of acceptance of jurisdiction, and GSA does not believe one was ever filed for the Courthouse."  (Gov't's Letter at 1).  Further, the deed contains covenants running to the benefit of Suffolk County, including that the land may not be used for an overnight detention center, (*see* Deed at 2 ("The Government, by acceptance and recording of this Deed, covenants and agrees for itself, its successors and its assigns, that . . . [t]he Federal Courthouse and Federal Building shall not be designed or altered for the overnight housing and/or custody of prisoners or detainees.")), which suggests the opposite of a transfer of jurisdiction.

But this is not a barrier to Deonarain pleading guilty.  He said that he will stipulate to this Courthouse being in the special maritime and territorial jurisdiction of the United States and will waive any direct appeal or collateral challenge to that element.  (Def.'s Letter at 5).  Two questions arise: why would he want to do that, and can he?  Deonarain would be pleading to a misdemeanor and avoiding trial on the more serious felony charges in the indictment obtained by the Government.  (*See* Indictment filed June 24, 2025, Dkt. No. 1 at 1–2 (charging Deonarain with witness tampering and obstruction of justice, neither of which has this jurisdictional element)).

And he can proceed in this manner, because this second element is not actually "jurisdictional," i.e., related to subject matter jurisdiction (which is non-waivable).  "[C]ourts have consistently determined that the jurisdictional element of federal crimes

3

does not present a pure question of the court's subject-matter jurisdiction." *United States v. Ratigan*, 351 F.3d 957, 963 (9th Cir. 2003) (collecting cases); *United States v. Lacey*, 569 F.3d 319, 323 (7th Cir. 2009) ("A 'jurisdictional element' is simply an element of a federal crime. . . . It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case . . . . As an offense element, it does not implicate the court's power to hear a case and can be waived by a guilty plea[.]" (citation omitted)); *e.g.*, *Ratigan*, 351 F.3d at 964 ("Because proof of FDIC insurance is an element of the crime of bank robbery under 18 U.S.C. § 2113, we conclude that any challenge claiming that the government failed to prove at trial that essential element does not thereby undermine the court's subject-matter jurisdiction, or its power to hear the case.").

"A federal court's jurisdictional power to adjudicate federal criminal cases comes from 18 U.S.C. § 3231, not from the individual criminal statute under which a defendant is convicted." *United States v. McBride*, 26 F. App'x 785, 786 (10th Cir. 2001). As noted, whether the alleged assault took place within the special maritime and territorial jurisdiction is an element of the charged crime, not a free-standing, threshold "jurisdictional" element. And so, a defendant can stipulate to the factual basis for that element, and waive any rights associated with challenging the Government's ability to prove that fact. Indeed, this happens regularly, with a more commonly known element to federal crimes: the interstate commerce element. *E.g.*, *United States v. Gelzer*, 829 F. App'x 562, 565 (2d Cir. 2020) ("Here, the parties stipulated to the fact that the store that was robbed was engaged in interstate commerce by selling products that traveled in

4

interstate commerce and the district court was entitled to rely on that stipulation in finding a factual basis for Clark's guilty plea." (quotations omitted)); *United States v. Beck*, 250 F.3d 1163, 1166–67 (8th Cir. 2001) (collecting cases).  And of course, Deonarain's plea and stipulation can affect him and only him—the Government cannot rely on it to prove "jurisdiction" in any other case.

                              SO ORDERED.

                              */s/ Sanket J. Bulsara*
                              SANKET J. BULSARA
                              United States District Judge

Date:  January 7, 2026
        Central Islip, New York